**SO ORDERED.**

**SIGNED this 6th day of January, 2016.**



Dale L. Somers
United States Bankruptcy Judge

___

Designated for online use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**4522 KATELLA AVENUE, LLC,**

                  **DEBTOR.**

**CASE NO. 15-12107**
**CHAPTER 11**

### MEMORANDUM OPINION AND JUDGMENT
### GRANTING DEBTOR'S MOTION FOR TURNOVER

On December 15, 2015, trial was held on Debtor's Motion for Turnover[1] which prays for an order pursuant to 11 U.S.C. § 543[2] compelling Harry Drake, a state court receiver of real property of the Debtor, to turnover the estate property in his possession. Debtor 4522 Katella Avenue, LLC appeared by its managing partner, James Rainboldt,

---

[1] Doc. 3.

[2] Future references to Title 11 in the text shall be to the section number only.

and by its attorney David G. Arst or Arst & Arst, PA. ColFin MF5 Funding, LLC, the holder of the notes secured by mortgage liens on the property in receivership, appeared by Matt R. Moriarity of Polsinelli PC. The Court has jurisdiction.[3] Having considered the statements of counsel, the briefs, the testimony, and the exhibits, the Court grants the motion for turnover.

**BACKGROUND FACTS**

The real properties which are the subject of the motion are two apartment complexes located in Wichita, Kansas owned by Debtor. One is a 70 unit property known as Longfellow and the other is a 46 unit property known as Parkdale or Carter. The apartment complexes are referred to herein as the Properties. Debtor is also the owner of a 18 unit town house property known as Beach. Although ColFin M5 Funding has recently acquired Debtor's note secured by Beach, that property is in the possession of the Debtor and not included in the turnover motion.

As of May 2015, Debtor agrees that the two notes secured by the Properties were in default. ColFin MF5 Funding, LLC alleges that as of May 15, 2015, it was owed $918,265.37 principal, plus interest and other charges, on the note secured by the Longfellow mortgage and $1,248,306.54 in principal, plus interest and other charges, on

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). A motion for turnover is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

the note secured by the Carter mortgage. On May 21, 2015, Secured Creditor filed two separate foreclosure actions in the District Court of Sedgwick County, Kansas. By orders filed on June 12, 2015, Harry Drake (Receiver) of Block Real Estate Services was appointed receiver of the Properties. Approximately four months after the filing of the foreclosure actions, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor seeks an order requiring the Receiver to turn over the Properties, including rents, reports, accounting records, and other property concerning the Properties.

**THE EVIDENCE**

The Properties serve low income individuals and were not in prime condition when the Receiver was appointed. The actions taken by the Receiver to maintain the Properties have been minimal, and there was no evidence of contemplated improvements. Occupancy which was recently at approximately 90%, has dropped to approximately 60%. Revenue has declined approximately 40%, while management fees have increased 25 to 30%. The testimony as a whole evidences that the Receiver, and the management company he has retained which is not located in Wichita, has little interest in the Properties and that the Secured Creditor has not been involved in the management.

If the Receiver is removed, Mr. Rainboldt will move to Wichita from California, and personally manage the Properties. He proposes rent increases for the Longfellow units and pursuing section 8 housing at Carter. He plans to supervise the investment of approximately $100,000 of his personal assets in each of the two Properties and anticipates selling the Properties within a year.

John Greenstreet, a real estate broker who has been marketing the Properties, testified that he had received a letter of intent to purchase the Properties for $2.4 million. Although the letter was forwarded to the Receiver on October 31, 2015, no response has been received. Mr. Rainboldt testified that he was interested in pursuing the offer.

The Receiver attempted but failed to prove that before the receivership Debtor had mismanaged the Properties. Testimony by the Receiver that Debtor maintained inadequate accounting and lease records was effectively refuted by the former onsite manger. She entered all transactions into a computerized accounting system managed by Mr. Rainboldt's wife. File cabinets in the office contained copies of leases for each rented unit, although some leases appeared to be out of date because tenants were allowed to hold over on a month to month basis after expiration of the term of the written lease. Before the Receivership, exterminators were called when there were infestations.

**TURNOVER UNDER § 543**

Generally § 543(b) requires a custodian, which is defined to include a receiver of property of the debtor appointed in a case other than under Title 11,[4] to deliver to the trustee any property of the debtor held by a custodian and any proceeds, rents, or profits of such property. However, § 543(d)(1) provides an exception to turnover whereby the bankruptcy court, after notice and hearing, may excuse compliance with the turnover required by § 543(b) "if the interests of creditors . . . would be better served by permitting

---

[4] 11 U.S.C. § 101(11).

a custodian to continue in possession, custody, or control of such property." Bankruptcy Judge Karlin in *In re Bryant Manor, LLC*[5] summarized the applicable law as follows:

> "Turnover is the general rule, however, and excuse from compliance is the exception. Therefore, a party opposing turnover must demonstrate affirmatively how creditors will be better served if the receiver is retained." A request for excuse from turnover requires the Court to examine (1) the debtor's likelihood of reorganization; (2) the probability that funds required for reorganization will be available; and (3) whether the evidence shows mismanagement of the property by the debtor.[6]

But the "bankruptcy court may not find mismanagement by the debtor sufficient to warrant noncompliance by the custodian with turnover requirements, where the debtor's prepetition actions are within the range of reasonable business judgment and 'not patently unreasonable.'"[7] When determining whether to excuse compliance with the section 543 turnover requirements, the bankruptcy court has significant discretion.[8]

In this case, Secured Creditor has not shown that creditors will be better served if the Receiver stays in possession of the Properties. If the Receiver is removed, costs will be reduced, funds to improve the Properties will become available, and increased rental income is projected. Debtor did not mismanage the Properties before the Receiver was appointed. Although liquidation is more probable rather than reorganization, the Court

---

[5] 422 B.R. 278 (Bankr. D. Kan. 2010).

[6] *Id.*, at 289(citation omitted).

[7] 5 Collier on Bankruptcy ¶ 543.03 at 543-17 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. 2015)(quoting *In re Donato*, 170 B.R. 247, 257 (Bankr. D.N.J. 1994)).

[8] *Id.*

5

finds that Debtor will better preserve that value of the Properties and thereby benefit the estate.

**CONCLUSION**

For the forgoing reasons, the Court concludes that the Motion for Turnover should be granted.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**

Judgment is hereby entered granting Debtor's Motion for Turnover. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###